Charles P. Franklin, (State Bar Number: 011209), chuck@chuckfranklin.com
Morad F. Alzubidi, (State Bar Number: 038467), rod.a@chuckfranklin.com
CHUCK FRANKLIN LAW
8901 E Pima Center Parkway Suite 115
Scottsdale, AZ 85258
Telephone: (480) 551-0406
Facsimile: (480) 551-0407
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JASMINE RODRIGUEZ, a single woman. | Case Number: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| CITY OF TEMPE, an Arizona municipal corporation; OFFICER BENJAMIN TROTTER and JANE DOE TROTTER, husband and wife; BLACK CORPORATIONS I-V, WHITE PARTNERSHIPS I-V, JOHN DOES I-V, JANE DOES I-V; | **(Jury Trial Demanded)** |
| Defendants. | |

COMES NOW, Plaintiff, JASMINE RODRIGUEZ ("Plaintiff" or "Ms. Rodriguez"), by and through undersigned counsel, as and for her complaint against Defendants hereby alleges as follows:

1

## PARTIES, JURISDICTION & VENUE

1. This action arises because a member of the Tempe Police Department was grossly negligent and severely injured the Plaintiff.

2. Plaintiff Jasmine Rodriguez is an unmarried woman who resides in Mesa, Arizona.

3. Defendants are the following individuals and entities sued in the following capacities:

   A. Officer Benjamin Trotter ("Trotter"), in his official and individual capacity,

   B. City of Tempe, a municipality.

4. Defendant Trotter is an Officer with the City of Tempe police department. He was operating under color of state law.

5. Each individually named Defendant was, at all relevant times, in the course and scope of his employment with the Defendant City of Tempe.

6. Defendant City of Tempe (sometimes referred to as the "City") is a municipal corporation created under the laws of the State of Arizona. The City maintains and operates a law enforcement agency known as the City of Tempe Police Department (sometimes referred to as "TPD"). The City is under a duty to run its law enforcement activities in a lawful manner to preserve the peace and to preserve for its citizens the rights, privileges, and immunities guaranteed and secured to them by the Constitutions and laws of the United States and the State of Arizona.

7. The City has established or delegated to its law enforcement agency the responsibility for establishing and implementing policies, practices, procedures, and/or customs used by law enforcement officers employed by the City regarding the investigation, detention, arrest, and public relations during law enforcement operations.

8. Every act and omission of the employees, representatives, and agents of the Defendants detailed in this Complaint was performed under the color and pretense of the Constitution, statutes, ordinances, regulations, customs, and uses of the United States of America, the State of Arizona, and the City of Tempe, by their authority as sworn officers, and within the course and scope of their employment.

9. Plaintiff Jasmine Rodriguez is an unmarried woman who resides in Mesa, Arizona.

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

11. Venue is proper as the events complained of occurred within Maricopa County, Arizona.

## RELEVANT FACTS

12. On the night of May 5, 2024, at approximately 2:10 a.m., after leaving a bar on Mill Avenue in Tempe, Arizona, Ms. Rodriguez stopped in front of the Harkins Theater Ticket Booth alone.

13. Moments later, a man (later identified as "Trequan Whirl") walked up to Ms. Rodriguez.

3

14. At the same time, Trequan was approached by three Tempe Police Officers who surrounded both Ms. Rodriguez and Trequan and attempted to arrest him.

15. Without any explanation, Ms. Rodriguez was unintentionally caught in the commotion surrounding the arrest of Trequan.

16. The police officers reached around and over Ms. Rodriguez in an attempt to effectuate the arrest of Trequan and at no time did they attempt to either move or instruct Ms. Rodriguez to get out of the way.

17. As the situation escalated, Ms. Rodriguez was caught between the three officers. Moments later, an officer reached over Jasmine's left side to grab Trequan, and almost immediately thereafter, another officer approached her from her right side, further crowding her space and limiting her ability to freely move or get out of the way.

18. At this point, an officer (later identified as Defendant Trotter) grabbed her from behind and pulled her out of the situation, without providing any direct commands or opportunities for her to remove herself voluntarily.

19. Without any explanation, Ms. Rodriguez was forcibly detained, despite her repeated assertions that she had done nothing wrong.

20. However, Officer Trotter maintained his grip on her, and in a brutal act, slammed her face into the ticket booth.

21. Ms. Rodriguez lost consciousness momentarily, with her ears ringing. Further, Ms. Rodriguez suffered a fractured nose, two cracked front teeth, her lips were busted and bruised, and she sustained forehead bruises and facial abrasions.

4

22. At all times relevant hereto, the City of Tempe was responsible for the hiring, training, supervision, monitoring and disciplining police officers including Officer Trotter.

### COUNT I: Civil Rights – 42 U.S.C. § 1983

### Against Defendant Trotter – Fourth Amendment

23. Plaintiff re-alleges each and every allegation contained above.

24. Defendant Trotter acted willfully, knowingly, and with specific intent to deprive Plaintiff of her rights secured by the Fourth Amendment to the United States Constitution, including her right to be secure in her person and free from the use of unreasonable force.

25. Defendant Trotter acted unreasonably by using excessive, unwarranted force when it was patently unnecessary to prevent injury to officers or third persons.

26. Plaintiff was not engaged in any criminal act or illegal conduct that would necessitate, warrant or justify the use of the level of force exercised by Defendant Trotter.

27. The unjustified use of force in this case was a proximate cause in the injury to Plaintiff.

28. As a direct and proximate result of the acts, omissions, and constitutional violations alleged above, Plaintiff suffered severe physical pain, mental anguish, and bodily injury in an amount to be proven at trial.

29. In his acts and/or omissions alleged herein, Defendant Trotter acted maliciously and with a wanton disregard for the rights of Plaintiff, and by reason thereof, Plaintiff demands exemplary damages in an amount to be proven at trial.

## COUNT II: Municipal Liability

## Against Defendant City of Tempe

30. Plaintiff re-alleges each and every allegation contained above.

31. The basis for liability against this Defendant is found in 42 U.S.C. § 1983, the Constitution of the United States, including, but not limited to, the Fourteenth and Fourth Amendments thereto, and the judicial opinions of *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.CL 2018 (1978) and *City of Canton v. Harris*, 489 U.S. 378 (1989).

32. Prior to the May 5, 2024 assault of Plaintiff, Defendant City of Tempe knew that if it did not have adequate policies and procedures applicable to all Tempe Police Department officers handling encounters with citizens "under stress" and the appropriate use of force, that such would result in the deprivation of United States citizens' constitutional rights, specifically the right to be free from excessive force at the hands of law enforcement officers.

33. Upon information and belief, Tempe Police Department has either failed to implement policies and procedures, failed to train or failed to supervise its employees regarding the use of force, failed to implement mandatory training in regards to use of force, and, more specifically, it either failed to train or inadequately trained Defendant Trotter regarding encounters with persons of

6

interest, including but not limited to the appropriate use of force, proper procedures for detention and interactions with persons of interest.

34. Notwithstanding this knowledge, Defendant City of Tempe made deliberate and conscious decisions to create inadequate policies and procedures, if any at all.

35. Notwithstanding this knowledge, Defendant City of Tempe deliberately and consciously adopted unconstitutional policies and/or encouraged, tolerated, or ratified unconstitutional widespread Tempe Police Department practices and customs.

36. The policies or customs/practices of Defendant City of Tempe directly and proximately caused the violation of Ms. Rodriguez's constitutional rights and her damages as more fully set forth herein.

37. The Defendant City of Tempe directly and proximately caused the violation of Ms. Rodriguez's constitutional rights and her damages, with its encouragement, toleration, ratification, and deliberate indifference to the policies, or patterns, practices, and customs, as well as its deliberate indifference to the need for more or different employment screening, training, supervision, investigation, or discipline in the area of use of force.

## COUNT III: Assault and Battery (Under Arizona Law)

### Against Defendant of City of Tempe

38. Plaintiff re-alleges each and every allegation contained above.

7

39. As set forth herein, Defendant Trotter placed Plaintiff in apprehension of immediate harmful or offensive contact when he slammed Plaintiff's face into the ticket booth.

40. As set forth herein, Defendant Trotter caused harmful or offensive contact with Plaintiff when he slammed Plaintiff's face into the ticket booth.

41. As a direct and proximate cause of Defendant Trotter's harmful and offensive contact, Plaintiff suffered injuries and damages in an amount to be proven at trial.

42. Defendant Trotter was acting within the course and scope of his employment as a police officer for the City of Tempe when he assaulted Plaintiff. He was on duty; working in his regular job capacity; working in the time, place, and manner authorized by the City of Tempe; and his actions were motivated, at least in part, to serve the City of Tempe.

43. Because Defendant Trotter was acting within the course and scope of his employment for the City of Tempe, and because the City knew or should have known of his propensity for such conduct, Defendant City of Tempe is vicariously liable for the damage caused by his tortious conduct.

### COUNT IV: Negligence and Gross Negligence (Under Arizona Law)

### Against Defendants

44. Plaintiff re-alleges each and every allegation contained above.

45. Defendant City of Tempe owes the public, including Plaintiff, the duties of reasonable care in organizing and carrying out their law enforcement operations.

8

46. Defendant City of Tempe breached that duty and were ordinarily and grossly negligent, when they failed, as more fully outlined above, to implement adequate policies and procedures concerning the use of force when it failed to train or inadequately trained Defendant Trotter regarding such encounters, including but not limited to the appropriate use of force, proper procedures for detention and interactions with persons of interest.

47. Defendant City of Tempe is vicariously liable under respondeat superior for the actions of any employee, agent or servant of the City of Tempe, including that of Defendant Trotter.

48. It was the duty of Defendant Trotter to exercise reasonable care in his interactions with Ms. Rodriguez.

49. Defendant Trotter breached the standard of care by using excessive force when he slammed Ms. Rodriguez's face on the wall.

50. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries including great physical injuries, pain, mental anguish, and other damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For damages in an amount appropriate to compensate her fully and fairly for the violations of her Constitutional Rights;

2.    For her respective general and special damages, including but not limited to her medical expenses, lost wages and earning capacity, pain and suffering,

mental anguish, emotional suffering, and loss of enjoyment of life, arising both out the violations of her respective constitutional rights and of Defendant Trotter's tortious conduct;

3.    For punitive damages against Defendant Trotter and Jane Doe Trotter *only* under 42 U.S.C. § 1983, and as provided for by Arizona law;

4.    For prejudgment interest on all liquidated sums;

5.    For attorneys' fees under 42 U.S.C. §§ 1983 and 1988, and as provided for by Arizona law;

6.    For Plaintiffs' costs and other expenses incurred in this action; and

7.    Such other and further relief as the Court deems just.


RESPECTFULLY SUBMITTED this __2nd__ day of May, 2025.


**CHUCK FRANKLIN LAW**


 By: /s/Charles P. Franklin
Charles P. Franklin
Morad F. Alzubidi
*Attorneys for Plaintiff*

10